UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| In. Re: | Case No. 19-71824 |
| Daniel R. Brue,  Debtor. | Chapter 7 |
| Bement CUSD #5,  Plaintiff | |
| vs. | Adversary No. |
| Daniel R. Brue,  Defendant. | |

## COMPLAINT FOR DETERMINATION THAT DEBT IS NOT DISCHARGABLE UNDER SECTION 523(a)(4)

**NOW COMES** Plaintiff, Bement Community Unit School District No. 5, by its attorneys, Tueth, Keeney, Cooper, Mohan & Jackstadt, P.C., for its Complaint for Determination that Defendant Daniel R. Brue's Debt Is Not Dischargeable, submits the following:

1. This Court has jurisdiction under 11 U.S.C.§ 523, 28 U.S.C. § 1334 and 28 U.S.C. § 157. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(1), arising in the above-referenced case under Chapter 7 of the Bankruptcy Code, now pending in this Court.

2. Bement Community Unit School District No. 5 ("Plaintiff") is a quasi-municipal corporation, organized and existing under the laws of the State of Illinois, and is a creditor of the above-named Debtor, Daniel R. Brue ("Defendant").

3. Defendant is the debtor in the above-referenced case, having filed a request for discharge of debt owed to Plaintiff under Chapter 7. At the time of filing of his Petition on December 19,

2019, Defendant affirmatively stated that he resided at 3006 Arenzville Rd., Beardstown, Illinois 62618.

4. Defendant was employed by Plaintiff from July 1, 2009 to June 30, 2013 in the capacity of Superintendent of Schools.

5. At no time was Board action taken to employ Defendant or any company purportedly affiliated with Defendant in any other capacity, including but not limited to, Ideal Consulting and Construction Services ("Ideal Consulting").

6. On or around July 26, 2019, Plaintiff's current Superintendent of Schools, Dr. Sheila Greenwood ("Dr. Greenwood"), was advised of possible crime committed by Defendant at his then place of employment, Meridian Community Unit School District No. 15 ("Meridian CUSD 5"). Specifically, Dr. Greenwood was informed that law enforcement was notified of a potential theft by Defendant through submitting payments processed to Ideal Consulting, a fictious company.

7. Based on the information contained in Paragraph 6, above Dr. Greenwood undertook an investigation to determine if Defendant engaged in theft of Plaintiff's funds.

8. As a result of her investigation, Dr. Greenwood determined that invoices were submitted by Ideal Consulting to Plaintiff from October 6, 2011 to January 25, 2013 totaling an amount equal to $76,576.08.

9. Invoices for this vendor were submitted by Defendant to Ms. Jani Hamilton, Secretary/Bookkeeper for Plaintiff. Ms. Hamilton was directed by Defendant to see that such amounts are paid for work completed by Ideal Consulting.

10. Defendant then directed Ms. Hamilton to remit payment to a post office box located in Saddorus, Illinois.

11. Ms. Hamilton followed Defendant's instructions and remitted payment to Ideal Consulting in the manner directed on the invoices.

12. The payments were then deposited into an account with the First Bank and Trust of Savoy.

13. Dr. Greenwood informed the Piatt County Sheriff's Department about a possible theft of school funds by Defendant.

14. Dr. Greenwood was subsequently contacted by the Federal Bureau of Investigations ("FBI") and assigned to agent Brian Schenkelberg.

15. Upon information and belief, Defendant is under investigation by the FBI and formal criminal charges are expected to be brought.

### COUNT I: EMBEZZLEMENT UNDER 28 U.S.C. 523(a)(4)

16. Plaintiff reaffirms and realleges the allegations of Paragraphs 1 through 14.

17. Defendant, under false pretenses, appropriated the sum of $76,576.08 from 2011 to 2013 for his personal use from Plaintiff's funds when Defendant:

   a. Created a fictitious company, Ideal Consulting, for the purpose of obtaining funds from Plaintiff's accounts;

   b. Created fictious invoices for Ideal Consulting and submitted those to Plaintiff's bookkeeper for payment;

   c. Deposited checks made payable to Ideal Consulting into a bank account created by Plaintiff.

18. Defendant never returned the funds to Plaintiff or used the funds in furtherance of the activities of Plaintiff.

19. Defendant fraudulently embezzled funds from Plaintiff in the amount of $76,576.08; accordingly, the debt Defendant owes to Plaintiff should be deemed a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(4).

**WHEREFORE**, Plaintiff prays for an Order determining the debt owed to it by Plaintiff be non-dischargeable and for judgment against Defendant in the sum of $76,576.08 together with interest from October 6, 2011 and for such other and further relief as deemed just.

                              Bement Community Unit School District No. 5

By:    */s/ Merry C. Rhoades*
          Merry C. Rhoades

*Merry C. Rhoades* (IL Bar 6192801)
Tueth, Keeney, Cooper,
Mohan & Jackstadt, P.C.
101 W. Vandalia, Suite 210
Edwardsville, IL 62025
Email: mrhoades@tuethkeeney.com
Telephone: (618) 692-4120
Facsimile: (618) 692-4122